# Supreme Court of Florida

No. SC21-775

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-7.19.**

September 9, 2021

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Rule Regulating the Florida Bar (rule) 4-7.19 (Evaluation of Advertisements).  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1.

The Florida Bar filed a petition proposing amendments to rule 4-7.19.  Prior to filing the petition, the Bar published notice of its intent to file the proposed amendments, but no comments were received.  Having considered the Bar's petition, we adopt the amendments to rule 4-7.19 as proposed by the Bar.  Subdivision (a) is amended to allow the Bar to post on the Bar website the location for submission of advertisements for review.  This change from requiring advertisements be filed at the Bar's headquarters address

in Tallahassee to designating the submission requirements on the Bar's website will allow the Bar to implement procedures for online submission of advertisements.  Additionally, we adopt the proposed grammatical changes, which simplify the language of the rule.

Accordingly, we amend the Rules Regulating the Florida Bar as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall become effective immediately.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, Michael G. Tanner, President, Gary S. Lesser, President-elect, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

for Petitioners

# APPENDIX

## BAR RULE 4-7.19.   EVALUATION OF ADVERTISEMENTS

**(a)  Filing Requirements.**  Subject to the exemptions stated in rule 4-7.20, any lawyer who advertises services ~~shall~~must file with The Florida Bar a copy of each advertisement at least 20 days prior to the lawyer's first dissemination of the advertisement. The advertisement must be filed ~~at~~with The Florida Bar ~~headquarters address in Tallahassee~~in the manner specified by The Florida Bar as posted on its website.

**(b)  Evaluation by The Florida Bar**.  The Florida Bar will evaluate all advertisements filed with it ~~pursuant to~~under this rule for compliance with the appliable provisions set forth in rule 4-7.11 through 4-7.15 and 4-7.18(b)(2). If The Florida Bar does not send any communication to the filer within 15 days of receipt by The Florida Bar of a complete filing, or within 15 days of receipt by The Florida Bar of additional information when requested within the initial 15 days, the lawyer will not be subject to discipline by The Florida Bar, except if The Florida Bar ~~subsequently~~later notifies the lawyer of noncompliance, the lawyer may be subject to discipline for dissemination of the advertisement after the notice of noncompliance.

**(c)  [No Change]**

**(d)  Opinions on Exempt Advertisements.**  A lawyer may obtain an advisory opinion concerning the compliance of an existing or contemplated advertisement intended to be used by the lawyer seeking the advisory opinion that is not required to be filed for review by submitting the material and fee specified in ~~subdivision (h) of~~ this rule to The Florida Bar, except that a lawyer may not file an entire website for review. Instead, a lawyer may obtain an advisory opinion concerning the compliance of a specific page, provision, statement, illustration, or photograph on a website.

**(e)  [No Change]**

**(f)** **Notice of Compliance and Disciplinary Action**.  A finding of compliance by The Florida Bar will be binding on The Florida Bar in a grievance proceeding unless the advertisement contains a misrepresentation that is not apparent from the face of the advertisement. The Florida Bar has a right to change its finding of compliance and, in ~~such~~those circumstances, must notify the lawyer of the finding of noncompliance, after which the lawyer may be subject to discipline for continuing to disseminate the advertisement. A lawyer will be subject to discipline as provided in these rules for:

(1)  ~~failure~~failing to timely file the advertisement with The Florida Bar;

(2)  ~~dissemination of~~disseminating a noncompliant advertisement in the absence of a finding of compliance by The Florida Bar;

(3)  filing ~~of~~ an advertisement that contains a misrepresentation that is not apparent from the face of the advertisement;

(4)  ~~dissemination of~~disseminating an advertisement for which the lawyer has a finding of compliance by The Florida Bar more than 30 days after the lawyer has been notified that The Florida Bar has determined that the advertisement does not comply with this subchapter; or

(5)  ~~dissemination of~~disseminating portions of a lawyer's Internet website(s) that are not incompliance with rules 4-7.14 and 4-7.15 only after 15 days have elapsed since the date of The Florida Bar's notice of noncompliance sent to the lawyer's official bar address.

**(g)** **Notice of Noncompliance**.  If The Florida Bar determines that an advertisement ~~is not in compliance~~does not comply with the appliable rules, The Florida Bar will advise the lawyer that dissemination or continued dissemination of the advertisement may result in professional discipline.

**(h)  Contents of Filing.**  A filing with The Florida Bar as required or permitted by ~~subdivision (a)~~this rule must include:

(1)  a copy of the advertisement in the form or forms in which it is to be disseminated, ~~which~~that is readily capable of duplication by The Florida Bar (e.g., video, audio, print media, photographs of outdoor advertising);

(2) – (7)  [No Change]

(8)  a fee paid to The Florida Bar, in an amount of $150 for each advertisement timely filed as provided in ~~subdivision (a)~~this rule, or $250 for each advertisement not timely filed~~.~~ ~~This fee~~, which will be used to offset the cost of evaluation and review of advertisements submitted under these rules and the cost of enforcing these rules; and

(9)  [No Change]

**(i)  Change of Circumstances; Refiling Requirement.**  If a change of circumstances occurs ~~subsequent to~~after The Florida Bar~~'s evaluation of~~ evaluates an advertisement that raises a substantial possibility that the advertisement has become false or misleading as a result of the change in circumstances, the lawyer must promptly re-file the advertisement or a modified advertisement ~~with The Florida Bar at its headquarters address in Tallahassee~~in the manner specified by The Florida Bar as posted on its website along with an explanation of the change in circumstances and an additional fee set by the Board of Governors, which will not exceed $100.

**(j)  Maintaining Copies of Advertisements.**  A copy or recording of an advertisement must be submitted to The Florida Bar ~~in accordance with the requirements of~~under this rule, and the lawyer must retain a copy or recording for 3 years after its last dissemination, along with a record of when and where it was used. If identical advertisements are sent to 2 or more prospective clients, the lawyer may comply with this requirement by filing 1 of the

identical advertisements and retaining for 3 years a single copy, together with a list of the names and addresses of persons to whom the advertisement was sent.

**Comment**

All advertisements must be filed for review ~~pursuant to~~under this rule, unless the advertisement is exempt from filing under rule 4-7.20. Even when an advertisement is exempt from filing under rule 4-7.20, a lawyer who wishes to obtain a safe harbor from discipline ~~can~~may submit the lawyer's advertisement that is exempt from the filing requirement and obtain The Florida Bar's opinion ~~prior to~~before disseminating the advertisement. A lawyer who files an advertisement and obtains a notice of compliance is therefore immune from grievance liability, unless the advertisement contains a misrepresentation that is not apparent from the face of the advertisement. Subdivision (d) of this rule precludes a lawyer from filing an entire website as an advertising submission, but a lawyer may submit a specific page, provision, statement, illustration, or photograph on a website. A lawyer who wishes ~~to be able~~ to rely on The Florida Bar's opinion as demonstrating the lawyer's good faith effort to comply with these rules has the responsibility of supplying The Florida Bar with all information ~~material~~necessary to ~~a determination of~~determine whether an advertisement is false or misleading.